# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

GEORGIA LOUISE WEAVER
ADC # 704924                                                                                              PLAINTIFF

V.                                          4:09CV00077 BSM/HDY

LARRY B. NORRIS *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Wrightsville Unit of the Arkansas Department of Correction, filed this action alleging claims related to the conditions of her confinement. Plaintiff's Complaint (docket entry #1) was not accompanied by an Application to Proceed *In Forma Pauperis* or the $350.00 filing fee. On February 9, 2009, the Court entered an Order (docket entry #2) directing Plaintiff to submit either one of these necessary statutory requirements, as well as an Amended Complaint further explaining the nature of her claims against the named individual Defendants. Plaintiff was further notified of her obligations under Local Rule 5.5(c)(2).

Plaintiff responded with an incomplete *in forma pauperis* application (docket entry #4) and a letter to the Court (docket entry #5) requesting further guidance on how to re-frame her Complaint. The Court entered a second Order on March 13, 2009 (docket entry #6) again denying Plaintiff *in*

*forma pauperis* status (for lack of a calculation sheet) and providing a more detailed outline of the information sought by the Court for purposes of the screening function of 28 U.S.C. § 1915(A)(b). The Order provided Plaintiff thirty days in which to file her response, and cautioned her that the failure to do so could result in the dismissal of her case.

This Order was mailed to Plaintiff on March 16, 2009, at her last-known address, the Wrightsville Women's Unit of the Arkansas Department of Correction, and has not been returned to the Court as undelivered. More than thirty days have now passed since this most recent Order and Plaintiff has failed to respond in any way. Her requests for leave to proceed in the form of a pauper have not been granted, and she has not been assessed an initial partial filing fee or monthly payments from her inmate trust account.

Under these circumstances, the undersigned concludes that Plaintiff's Complaint should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).[1] *See also* Fed. R. Civ. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

has been "'a clear record of delay or contumacious conduct by the plaintiff'")(emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE RECOMMENDED that Plaintiff's Complaint (docket entry #1) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2), and any pending motions be DENIED AS MOOT.

DATED this   6   day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE